## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Estate of Tamir Sapir, by Alex Sapir,
Preliminary Executor,**

               Plaintiff,

**v.**

Civil Action No. 20-670 T

**The United States of America,**

               Defendant.

### MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Pursuant to Appendix E and Rules 5.2(d) and 9(m) of the Rules of the United States Court of Federal Claims (RCFC), Plaintiff, through undersigned counsel, hereby moves for an order granting leave to file the Complaint (ECF No. 1) and accompanying exhibits in this matter, under seal. Plaintiff further requests that attachments to the Complaint remain under seal without a public redacted version.

In support of this motion, Plaintiff states as follows:

1. RCFC 9(m) sets forth special pleading requirements for tax refund claims. Among other requirements, it requires the complaint in a tax refund case to be filed "under seal along with a redacted version" of the complaint that conforms with RCFC 5.2.

2. The Complaint in this matter states a tax refund claim for Plaintiff's fiscal years ended July 31, 2015 and July 31, 2016 and is thus subject to the requirements of RCFC 9(m), including the requirement that the complaint be filed under seal.

3. RCFC 5.2(d) confers discretion on this Court to permit a filing under seal without redaction.

4. Plaintiff will file a public, redacted version of the Complaint (ECF No. 1) but does not intend to include the original attachments to the Complaint, which were filed under seal, unless the Court orders it to do so.  The Court should exercise its discretion under RCFC 5.2(d) to permit filing of the attachments to the Complaint under seal without redaction.  Numerous pages of the numbered attachments filed with the Complaint contain the names, identifying numbers, and other confidential tax information, not only of the Plaintiff, but also of numerous partnerships and other non-party entities. The prevalence of confidential tax information throughout nearly every page of the numbered attachments makes it impractical and unduly burdensome to redact the attachments. The identities and other confidential tax information of the Plaintiff and the non-party entities were supplied to the Internal Revenue Service on official documents which were filed with the reasonable expectation that confidential tax information was protected from being disclosed. To the extent this matter is of interest to the general public, the resolution of this matter can be easily understood without the need for public access to the numbered attachments to the Complaint.

Dated: June 2, 2020                                             Respectfully submitted,

    */s/ Harry J. Kelly*
Harry J. Kelly
Kenneth Silverberg (*Of Counsel*)
Nixon Peabody LLP
799 9th Street NW Suite 500
Washington, DC 20001
Phone: 202-585-8000
Fax: 866-947-3631
hkelly@nixonpeabody.com
ksilverberg@nixonpeabody.com

*Counsel for Plaintiff*