IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALEX SAPIR,<br>as Preliminary Executor of the<br>ESTATE OF TAMIR SAPIR, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 20-670T |
| v. | ) Filed: July 21, 2021 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Alex Sapir, in his capacity as Preliminary Executor of the Estate of Tamir Sapir, seeks a refund of alleged fiduciary income tax overpayments to the Internal Revenue Service ("IRS") and overpayment interest for two fiscal years. Before the Court is Plaintiff's Motion for Judgment on the Pleadings under Rule 12(c) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, genuine disputes regarding material facts remain at issue. Consequently, the Motion is **DENIED**.

**I. BACKGROUND**

**A. Factual History**

Mr. Tamir Sapir, a U.S. citizen and resident of New York, died on September 24, 2014. Pl.'s Compl., ECF No. 1 ¶ 5. Plaintiff, the decedent's son, is acting on behalf of the Estate and was appointed Preliminary Executor on December 18, 2014 by the Surrogate's Court of the State of New York for New York County. *Id.* Plaintiff alleges the he filed income tax returns on behalf of the Estate as required by law for fiscal years ending on July 31, 2015 and July 31, 2016 (hereinafter "FYE 15" and "FYE 16," respectively). *Id.* ¶¶ 2, 4. He further alleges that, at the time

the Complaint was filed, the IRS had neither acknowledged the refund claims contained in those returns nor communicated agreement or disagreement with the amount of the claims. *Id.* ¶ 2. Plaintiff claims that the necessary six-month periods for filing this action have expired. *Id.* ¶ 3; *see id.* ¶ 10 (citing 26 U.S.C. § 6532(a)). He seeks in this action to recover the refunds claimed in FYE 15 and FYE 16, plus interest. *Id.* ¶ 4.

Plaintiff's refund claims are based on purported overpayments claimed in amended tax returns for each fiscal year at issue. By way of background, on November 16, 2015, Plaintiff requested an extension of time to file the Estate's initial Form 1041 income tax return and shortly thereafter made a tax payment of $21 million on behalf of the Estate. *Id.* ¶ 11. The initial tax return, filed in April 2016, showed no tax due and directed the IRS to apply the $21 million overpayment to the Estate's FYE 16 estimated tax account. *Id.* ¶ 12. Plaintiff, however, filed an amended Form 1041 for FYE 15 on November 15, 2016. *Id.* ¶ 13. This return showed a corrected tax due of approximately $6.4 million and directed the IRS to apply the corrected overpayment of approximately $14.6 million to the Estate's FYE 16 estimated tax account. *Id.* Plaintiff filed a second amended return for FYE 15 on April 12, 2019. *Id.* at ¶ 14. This return showed corrected tax due of approximately $2.8 million, directed the IRS to continue to apply the overpayment of approximately $14.6 million to the Estate's FYE 16 estimated tax account, and directed the remaining overpayment of approximately $3.6 million to be refunded. *Id.* Plaintiff alleges that the IRS has not paid the requested FYE 15 refund nor provided Plaintiff with any objection to such payment. *Id.* ¶ 15.

After filing the Estate's initial Form 1041 for FYE 16 in November 2016, Plaintiff made a payment of $50.2 million to the IRS on behalf of the Estate, consisting of an approximately $48.6 million tax payment and a $1.6 million late penalty and interest payment. *Id.* ¶¶ 16–17. Plaintiff

filed an amended Form 1041 for FYE 16 on April 12, 2019. *Id.* ¶ 18. The amended return showed corrected tax due of approximately $41 million, the FYE 15 overpayment of approximately $14.6 million, and a balance due of approximately $26.4 million. *Id.* Plaintiff claims that page one of the amended return "erroneously failed to show the tax payment of [$48.6 million]," although it was reflected on another page of the return. *Id.* ¶¶ 18–19. On May 1, 2020, Plaintiff filed a second amended Form 1041 for FYE 16, which showed the allegedly omitted payment and corresponding refund claim of $22.2 million for FYE 16. *Id.* ¶ 20. Plaintiff alleges the IRS has not paid the requested FYE 16 refund nor provided Plaintiff with any objection to such payment. *Id.* ¶ 21.

In support of the allegations in the Complaint, Plaintiff incorporated by reference and attached as exhibits copies of the relevant tax returns for FYE 15 and FYE 16.

### B. Procedural History

Plaintiff filed his Complaint in this Court on June 6, 2020. *See generally* ECF No. 1. On December 12, 2020, Defendant filed its Answer. *See* Def.'s Answer, ECF No. 13. On January 28, 2021, Plaintiff moved for judgment on the pleadings, claiming that Defendant had failed to deny any materials facts demonstrating the Estate's entitlement to relief. Pl.'s Mot. for J. on the Pleadings at 1, ECF No. 19. The parties requested that the Court defer entering a discovery schedule in this matter until resolution of Plaintiff's Motion. *See* Joint Prelim. Status Report at 6–7, ECF No. 17.

## II. LEGAL STANDARD

Under RCFC 12(c), judgment on the pleadings is appropriate when "there are no material facts in dispute and the plaintiff is entitled to judgment as a matter of law." *New Zealand Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994). When considering a motion for judgment on the pleadings, courts must construe the pleadings in the light most favorable to the nonmovant

and "ignore any assertions that amount to legal conclusions." *J.M. Huber Corp. v. United States*, 27 Fed. Cl. 659, 661 (1993); *Ameriserv Trust & Fin. Servs. Co. v. United States*, 125 Fed. Cl. 733, 741 (2016) ("*Ameriserv Trust*"). If issues of material fact are unresolved in the pleadings, a motion for judgment on the pleadings cannot be granted. *J.M. Huber Corp.*, 27 Fed. Cl. at 662 (citing *Halliday v. United States*, 7 Cl. Ct. 315, 321 (1985)). "A fact is material if it could 'affect the outcome of the suit under the governing law.'" *Jacqueline R. Sims, LLC v. United States*, 600 F. App'x 760, 764 (Fed. Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

### III. DISCUSSION

#### A.  Burden of Proof in Tax Refund Cases

In a tax refund case, the plaintiff bears the burden of establishing, by a preponderance of the evidence, that it has "overpaid its taxes for the year in question and in the exact amount of the refund sought." *Wells Fargo & Co. v. United States*, 91 Fed. Cl. 35, 75 (2010), *aff'd*, 641 F.3d 1319 (Fed. Cir. 2011) (collecting cases); *Ebert v. United States*, 66 Fed. Cl. 287, 291 (2005). The Court conducts a *de novo* review and must independently decide whether the plaintiff is owed a refund. *Gingerich v. United States*, 77 Fed. Cl. 231, 240 (2007); *D'Avanzo v. United States*, 54 Fed. Cl. 183, 186 (2002). Thus, the "ultimate question presented for decision"—whether the plaintiff, in fact, overpaid its tax—"involves a redetermination of the entire tax liability." *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932). "[I]t is incumbent upon the claimant to show that the United States has money damages which belong to [it]." *Id*.

#### B.  Defendant's Answer Sufficiently Disputes Material Facts.

Plaintiff argues that Defendant did not adequately deny the allegations in the Complaint regarding the content of the Estate's tax returns and, therefore, the allegations regarding its tax

4

overpayments for FYE 15 and FYE 16 are admitted. *See* ECF No. 19 at 5–7 (asserting that Defendant has not denied any material fact, "despite denying (in a conclusory fashion) that the Estate is entitled to any relief," *id.* at 6). As Plaintiff sees it, the attached returns establish that "the Estate is entitled to refunds totaling [$3.6 million for FYE 15], and [$22.2 million for FYE 16], plus interest." *Id.* at 6. In response, Defendant claims that it admits only that Plaintiff filed certain returns and made certain payments, but "[n]owhere did the United States make any admissions regarding the *content* of those returns." Def.'s Resp. to Mot. for J. on the Pleadings at 7, ECF No. 20 (emphasis in original). The Court finds that Defendant's Answer sufficiently disputes material issues of fact.

RCFC 8(b) provides that, in responding to a pleading, a party must admit or deny allegations asserted against it. RCFC 8(b)(1)(B). "A denial must fairly respond to the substance of the allegation." RCFC 8(b)(2). Where an allegation requires a responsive pleading and is not denied, the allegation is deemed admitted. RCFC 8(b)(6).

Here, Plaintiff is correct that Defendant specifically admits some allegations, including that Plaintiff filed the returns referred to in and attached to the Complaint and paid certain amounts identified in the Complaint and attached returns, and that the IRS has not issued the claimed refunds. *See* ECF No. 13 ¶¶ 11–21. For allegations that characterized the content of the attached returns, Defendant refers to the referenced documents for a full expression of their content, *see, e.g.*, *id.* ¶ 11, with one exception related to the Estate's original FYE 16 return, *see id.* ¶ 16. As Plaintiff notes in his Reply, some district courts have found that "the documents speak for themselves"-type response is insufficient under the counterpart rule of the Federal Rules of Civil Procedure. *See* Pl.'s Reply in Support of Mot. for J. on the Pleadings at 6–7, ECF No. 21. Reasonable minds may disagree, but in this Court's view, because such a response is not a denial,

5

it is deemed an admission that the documents "contain the information that they appear to contain." *Khepera-Bey v. Santander Consumer USA, Inc.*, No. WDQ-11-1269, 2012 WL 1965444, at *5 (D. Md. May 30, 2012). The allegations in the Complaint did not require a response that admitted or denied that the information contained in the attached returns was, in fact, accurate and Defendant's responses did not admit as much. *See, e.g.*, ECF No. 1 ¶ 12 ("The return showed no tax due and directed the IRS to apply the $21 million overpayment to Plaintiff's [FYE 16] estimated tax account. *See* Ex. 5 at p. 1.")); *see also* ECF No. 20 at 7–8 (arguing that Defendant's responses are not statements concerning "the truthfulness" of the content of the documents attached to the Complaint).

That the attached tax returns may say what the Complaint purports them to say does not necessarily establish Plaintiff's burden of demonstrating entitlement to the refunds he claims. This is because "[a] tax refund suit is a *de novo* proceeding, in which the plaintiff bears the burden of proof, including both the burden of going forward and the burden of persuasion." *Gingerich*, 77 Fed. Cl. at 240. Therefore, by filing this suit, Plaintiff has put at issue the correctness of the Estate's refund claims, as reported in the attached returns. *See Sara Lee Corp. & Subsidiaries v. United States*, 29 Fed. Cl. 330, 337 (1993). That issue must be resolved by the Court. *See* ECF No. 13 at 1 (denying all allegations not specifically admitted); *see also id.* ¶¶ 1, 4, 22 (denying that Plaintiff is entitled to relief).[1] Based on the pleadings, genuine issues of material fact regarding Plaintiff's refund requests and entitlement to relief remain in dispute.

---

[1] On March 8, 2021, Defendant sought leave to file a sur-reply, arguing that Plaintiff raised new arguments in his Reply regarding the burden of proof, nature of the responses in Defendant's Answer, and pleading standards. Def.'s Mot. to File Sur-Reply at 1, ECF No. 22. The Court agrees with Plaintiff that the Reply appropriately addressed arguments made in Defendant's opposition. *See* Pl.'s Resp. to Gov't's Mot. for Leave to File Sur-Reply at 3, ECF No. 23. The Court further finds that a sur-reply is not necessary to the Court's understanding of the parties' positions. Accordingly, Defendant's motion is denied.

### C. Defendant's Answer Sufficiently Pleads a Defense.

Plaintiff alleges that Defendant's offset defense cannot preclude judgment on the pleadings because it does not quantify "any additional liability of the Estate" and does not specifically assert that the Estate is liable for additional tax. ECF No. 19 at 8 (citing *Mahoney v. Unites States*, 223 Ct. Cl. 713, 718–19 (1980), *as modified on denial of rehr'g*, 224 Ct. Cl. 668 (1980) (per curiam)). Defendant responds that it is not asserting a counterclaim, and thus it need not plead detailed facts supporting its offset defense. ECF No. 20 at 9–10. The Court finds Plaintiff's argument unpersuasive.

First, Plaintiff's reliance on *Mahoney* is misplaced. The issue presented in *Mahoney* was one of discovery abuse. *Mahoney*, 223 Ct. Cl. at 715. There, the Government amended its answer one year after it initially responded to the plaintiff's complaint, asserting certain offset defenses. *Id.* at 714. The Court found that the Government lacked any factual basis at the time of the amendment, and instead relied only on counsel's speculation, to plead offset. *Id.* at 715. It also found that the Government's subsequent discovery requests aimed at establishing the offset defenses constituted an improper and excessive fishing-expedition akin to a reaudit. *Id.* at 719. *Mahoney* thus stands for the proposition that the Government must possess "concrete and positive evidence" before it initiates discovery into matters relevant only as to establish offsets. *Id.* at 718–19 (citing *Missouri Pac. R.R. Co. v. United States*, 338 F.2d 668, 672 (Ct. Cl. 1964) ("*Missouri Pacific*")). *Mahoney* does not appear to establish a heightened pleading standard for an offset defense in a tax refund case. Nor does *Missouri Pacific*, on which *Mahoney* singularly relied. *See Missouri Pac.*, 338 F.2d at 672 (holding that court should assess at the *pre-trial stage*, based on the pleadings and materials provided by the Government, whether the Government's setoff defense is reasonable and adequate). Other courts have similarly interpreted the scope of *Mahoney* and

*Missouri Pacific*. *See Americold Corp. v. United States*, 28 Fed. Cl. 747, 754 (1993) (permitting amendment of answer to assert offset in tax refund case); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (affirming magistrate's order denying motion to strike offset defense for insufficient pleading).

The instant matter, unlike *Mahoney* and *Missouri Pacific*, does not present the same circumstances. Plaintiff does not assert that Defendant unduly delayed in raising an offset defense, nor could he since Defendant raised the defense in its responsive pleading. Discovery has not yet commenced, per agreement of the parties, and thus there cannot yet be a claim of improper discovery requests by Defendant. Moreover, this case is only at an early pleading, not advanced pre-trial, stage. The Court is cognizant of the important discussion raised in *Mahoney* and *Missouri Pacific*: the equitable right of the Government to assert offset should provide a "'shield' to prevent the unjust enrichment of a taxpayer," not a "'sword' [wielded to] contrary effect." *Mahoney*, 223 Ct. Cl. at 715 (quoting *Missouri Pac.*, 338 F.2d at 672). That principal, however, does not require judgment on the pleadings based on the facts before the Court, and can be enforced, if necessary, during the discovery and merits phases.

Second, as it concedes, the Federal Circuit has not addressed Plaintiff's argument that an "affirmative defense should be subject to the plausibility standard" provided in *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). ECF No. 21 at 10; *see* ECF No. 19 at 4. Nor has Plaintiff cited a Court of Federal Claims decision adopting such argument. Plaintiff relies on *Ameriserv Trust*; however, there the court specifically declined to address whether *Iqbal* and *Twombly* appertain to affirmative defenses. 125 Fed. Cl. at 742 n.5. *Ameriserv Trust* is also distinguishable because, unlike here, the defenses at issue did not concern offset (as it was not a tax refund case) and were instead subject to the special pleading standards

of RCFC 9. *Id.* at 746–47. Additionally, although *Ameriserv Trust* relied in part on a Federal Circuit decision to hold that defenses must be pled in sufficient detail so as to give the opposing party "notice" and "the chance to respond," the underlying circuit decision addressed a different issue. *Id.* at 742 (quoting *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005)). *Ultra-Precision Mfg.* involved a question of waiver of an affirmative defense that was not raised at all in a responsive pleading, not a question of the required level of specificity for pleading a defense. 411 F.3d at 1376 (applying Sixth Circuit case law to hold that the defendant had not waived two affirmative defenses first raised in a second motion for summary judgment).

While other federal courts have split on the question, this Court finds persuasive the decision in *Wells Fargo & Co.*, which held that the requirement under *Iqbal/Twombly* that a plaintiff must plead sufficient facts to state a plausible claim for relief is "inapplicable to pleading of affirmative defenses by a defendant." *Wells Fargo & Co.*, 750 F. Supp. 2d at 1051. Similar to the Federal Rules of Civil Procedure, this Court's rules provide only that a party's responsive pleading "state in short and plain terms its defenses to each claim asserted against it." RCFC 8(b)(1)(A); RCFC 8(b)(2) (requiring with respect to affirmative defenses that a responsive pleading "affirmatively state" such defenses); *see Wells Fargo & Co.*, 750 F. Supp. 2d at 1051. This requirement stands in contrast to the pleading standard applicable to claims for relief, which requires a party to plead not only "a short and plain statement of the claim" but also the facts "showing that the pleader is entitled to relief." RCFC 8(a)(2). It is the heightened requirement to show entitlement to relief—not contained in the rules applicable to defenses—upon which *Iqbal* and *Twombly* were based. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Iqbal*, 556 U.S. at 679

("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting FRCP 8(a)(2)); *Wells Fargo & Co.*, 750 F. Supp. 2d at 1051.

The patent difference in pleading standards for claims and defenses reflects the uneven positions of a plaintiff and a defendant at the pleadings stage. As the court in *Wells Fargo & Co.* recognized, a plaintiff has months and often years to investigate a claim before filing a pleading in federal court, whereas a defendant has 21 days (or 60 days if the defendant is the United States) to serve an answer. 750 F. Supp. 2d at 1051. And it is often the case that a defendant may not have access to the complete record of evidence underlying, or even a complete understanding of, a plaintiff's claims until the parties have conducted discovery.[2] Here, as Defendant notes, the case is still in its "nascent stages" and the parties have yet to engage in discovery made available under the Court's rules. ECF No. 20 at 9 (citing RCFC 26(b)(1)); *see Estate of Rubenstein v. United States*, 94 Fed. Cl. 51, 53 (2010) (holding in a tax refund case that "the parties are entitled to develop their respective cases . . . , including to avail themselves of all forms of discovery that are permitted under the rules of the court").

The entitlement requirement applicable to pleading claims for relief also serves a "practical significance" that is not necessarily applicable to defenses. *Twombly*, 550 U.S. at 557. As *Twombly* explained, the plausibility standard ensures that "a largely groundless claim" does not

---

[2] Plaintiff argues that Defendant is not entitled to discovery here. *See* ECF No. 21 at 13–14. That argument is premised on his claim that judgment on the pleadings is warranted, which the Court has rejected. His reliance on *Am. Airlines, Inc. v. United States*, 551 F.3d 1294 (Fed. Cir. 2008) is likewise unpersuasive. *See* ECF No. 21 at 14. In that case, the Federal Circuit upheld an order precluding discovery related to damages in an illegal exaction case because prior audits by the Government properly served as the basis for the damages calculation and where it had not raised a counterclaim or setoff defense. *Am. Airlines*, 551 F.3d at 1307. Defendant timely raised an offset defense here and, because the parties agreed to delay discovery, it is premature to address whether any discovery potentially sought by Defendant related to such defense is impermissible.

unnecessarily "take up the time of a number of other people" through costly and protracted litigation, including discovery. *Id.* at 558 (citation omitted). That gatekeeping requirement serves less of a function in the context of defenses: by the time an answer is filed in an action, the plaintiff—not defendant—has firmly opened the gate. Of course, that is not to say that a defendant is free to plead unsupported defenses or engage in fishing-expeditions during discovery in the hopes of identifying defenses. Other (non-pleading) requirements, however, come into play to ensure that a defendant does not use such bad-faith tactics. *See* RCFC 11; RCFC 26(b), (c); *Mahoney*, 223 Ct. Cl. at 718. The *Iqbal/Twombly* plausibility standard is therefore "more fairly imposed on plaintiffs." *Wells Fargo & Co.*, 750 F. Supp. 2d at 1051.

## IV. CONCLUSION

For the reasons set forth above, genuine disputes of material fact remain to be resolved. Accordingly, the Court **DENIES** Plaintiff's Motion for Judgment on the Pleadings. It is further **ORDERED** that Defendant's Motion for Leave to File a Sur-Reply is **DENIED**. The parties shall file a joint status report by no later than August 4, 2021 proposing a schedule for further proceedings in this case.

**SO ORDERED.**

Dated: July 21, 2021                              */s/ Kathryn C. Davis*
                                                  KATHRYN C. DAVIS
                                                  Judge